Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
Tel: (818) 600-5564
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Scott Shreckengast,*
*for himself and on behalf of all*
*those similarly situated individuals*

## UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| SCOTT SHRECKENGAST, *on behalf of himself and those similarly situated* <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC, <br><br> Defendants. | Case No.  3:18-cv-3117 <br><br> CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF 15 U.S.C. § 1692 *et seq.* and CAL. CIV. CODE § 1788 *et seq.* |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Scott Shreckengast ("Plaintiff"), by and through his attorneys, on behalf of himself and all similarly situated individuals, alleges the following against Defendants, Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland") (collectively "Defendants"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt

COMPLAINT AND DEMAND FOR JURY TRIAL

Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which also prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendants' principal places of business are here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in the Santa Rosa, Sonoma County, California.

6. Defendant MCM is a debt collector with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, and can be served through its registered agent, CSC-Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

7. Defendant MCM's principal purpose is the collection of debts and MCM regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due by another.  MCM regularly uses the telephone and mail to engage in the business of collecting debt in several states, including California.  Thus, MCM is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant Midland is a debt buyer with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, and can be served through its registered agent, CSC-Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

9. Defendant Midland's principal purpose is the collection of debts and regularly uses the telephone and mail to engage in the business of collecting debt in several

COMPLAINT AND DEMAND FOR JURY TRIAL

states, including California.  Thus, Midland is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.   Defendants are attempting to collect an alleged debt from Plaintiff.

12.   Upon information and belief, MCM is the collection arm of Midland.

13.   Upon information and belief, MCM has been retained by Midland to collect the alleged debt from Plaintiff.

14.   On or about June 30, 2017, MCM sent Plaintiff a letter in an attempt to collect on Plaintiff's alleged debt.

15.   Plaintiff's alleged debt purports to have originated with FIA Card Services, N.A. with an account number ending in 1474.

16.   The letter classified Midland as the "current owner."

17.   The letter classified MCM as the "current servicer."

18.   The letter claimed that MCM was collecting on behalf of Midland.

19.   The letter contained the language, "[t]he law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, **we** will not sue you for it or report payment or non-payment of it to a credit bureau." (emphasis added).

20.   California Civil Procedure § 339(1) states that the statute of limitations for collection on a written contract is four (4) years.

21.   The last payment that is alleged to have been made on the FIA Card Services, N.A. account, was prior to October 31, 2009, the charge-off date identified by MCM.

22.   No payments for the FIA Card Services, N.A. account were ever made to MCM or Midland.

23.   The October 31, 2009 charge-off was made more than seven years prior to the

COMPLAINT AND DEMAND FOR JURY TRIAL

sending of the June 30, 2017 letter.

24.     Applying that statute to the present facts, Plaintiff's alleged debt was long past the statute of limitations and Plaintiff could no longer be sued over the debt by any party.

25.     The phrase, "**we** will not sue you for it or report payment or non-payment…" is purposefully written to mislead the consumer into believing that it is possible for an entity other than MCM to sue Plaintiff for the debt. (emphasis added); and that MCM was being gratuitous in choosing not to sue Plaintiff.

26.     The language is misleading as it suggests that Plaintiff should deal with MCM rather than a future debt collector who may in fact sue Plaintiff if the debt is sold or transferred.

27.     Whether Midland would sue Plaintiff is not stated within the letter.

28.     Whether any other creditor could sue Plaintiff is not stated.

29.     The debt is past the statute of limitations and a knowing lawsuit on time-barred debt is a violation of the Fair Debt Collection Practices Act.

30.     Further, the letter fails to inform Plaintiff that any payment, even a partial payment, would restart the clock on the debt's statute of limitations.

31.     Additionally, the debt could not have been reported to the Credit reporting agencies at any point in 2017 since credit reporting would have no longer been possible after approximately April of 2016 (7 years after the Plaintiff is alleged to have stopped paying on the debt).

32.     Defendants carefully crafted language is written to appear gratuitous rather than providing the legally required disclosure that the debt is beyond the statute of limitations such that no entity or individual could ever sue Plaintiff or any Class member.

33.     Defendants have used this type of misleading and deceptive language in their attempts to collect from Plaintiff as well as each and every Class member in an

attempt to coerce them to pay outstanding balances on debts passed the statute of limitations.

## COUNT I- CLASS ACTION CLAIM

### (Defendants Violated the FDCPA, 47 U.S.C. § 1692 *et seq.*)

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     **The Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

      a.     All California consumers who Midland Credit Management, Inc. and Midland Funding, LLC sent collection notices on debt that is past the statute of limitation wherein they included misleading language regarding the Plaintiff and class members risk for being sued on time-barred debt using language that is precisely like or substantially similar to the language included in Plaintiff's collection letter: "Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

36.     **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

37.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

      a.     Whether Defendants' use of the language identified in paragraph 35 is misleading to the least sophisticated consumer; and

b.      Whether Defendants' conduct constituted violations of the FDCPA; more precisely 15 U.S.C. § 1692e, § 1692e(2)(A), and §1692f.

38.      **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

39.      **Adequacy. FED R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

40.      **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication for the controversy. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

41.      **Injunctive Relief Appropriate for the Class. FED. CIV. R. P. 23(b)(2).** Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

COMPLAINT AND DEMAND FOR JURY TRIAL

- 6 -

42. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of a debt;

    b. Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the character or legal status of a debt; and

    c. Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

43. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff and each Class member for up to $1,000 in statutory damages, actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

**COUNT II- CLASS ACTION CLAIM**

**(Defendants Violated CAL. CIV. CODE § 1788 *et seq*.)**

45. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46. **The Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

    a. All California consumers who Midland Credit Management, Inc. and Midland Funding, LLC sent collection notices on debt that is past the statute of limitation wherein they included misleading language regarding the Plaintiff and class members risk for being sued on time-barred debt using language that is precisely like or substantially similar to the language included in Plaintiff's collection letter: "Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

47. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

48. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.    Whether Defendants' use of the language identified in paragraph 35 is misleading to the least sophisticated consumer; and

    b.    Whether Defendants' conduct constituted violations of the RFDCPA; more precisely violating CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e, § 1692e(2)(A), and §1692f.

49. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

50. **Adequacy. FED R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

51. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication for the controversy. It would be virtually impossible for the members of

the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

52. **Injunctive Relief Appropriate for the Class. FED. CIV. R. P. 23(b)(2).** Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

53.

54. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with the collection of a debt;

        ii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(2)(A) by falsely representing the character or legal status of a debt; and

        iii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

55. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

56. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff and each Class member for up to $1,000 in statutory damages, actual damages, costs, and attorneys' fees pursuant to 1788.30(b)-(c).

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff, Scott Shreckengast, respectfully requests judgment be entered against Defendants Midland Funding, LLC and Midland Credit Management, Inc., for the following:

57. Statutory and actual damages pursuant to 15 U.S.C. § 1692k;

58. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

59. Statutory and actual damages pursuant to RFDCPA, CAL. CIV. CODE § 1788.30(b);

60. Costs and reasonable attorneys' fees pursuant to the RFDCPA, CAL. CIV. CODE §1788.30(c);

61. Injunctive relief to prevent any further use of the complained of language by Defendants in future collection letters;

62. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

63. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 24th day of May 2018.

**PRICE LAW GROUP, APC**

By:/s/ Brian Brazier
Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
Tel: (818) 600-5564
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Scott Shreckengast*